IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EARL ROACH,                           :
                                      :
            Plaintiff,                :
                                      :
      V.                              :
                                      :     NO. 5:24-cv-00032-MTT-CHW
WARDEN SHAWN EMMONS,                  :
                                      :
            Defendant.                :
_____      :

### ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Earl Roach, who is currently in the Charles D. Hudson Transitional Center in Lagrange, Georgia, has filed a *pro se* 42 U.S.C. § 1983 complaint relating to time he spent at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Compl., ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6. As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* in this case is **GRANTED**, and it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court

with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee.   Plaintiff submitted an unsigned account statement with a notation that the business office would not sign his forms.   Attach. to Mot. 1, ECF No. 6-1.   Plaintiff also submitted a transaction statement, but this document does not contain any information relating to the six months before he filed the complaint.   *Id.* at 2. As it appears that Plaintiff attempted to file a complete motion but was prevented from doing so by the facility's staff, his motion to proceed *in forma pauperis* is now **GRANTED**.   Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A.      Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.      Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis*

proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

In his complaint, Plaintiff asserts that he was a parolee being held in the Georgia Diagnostic and Classification Prison[1] from October 3, 2023, through November 4, 2023. Compl. 5, ECF No. 1. During that time, Plaintiff asserts that he was not allowed to go to the law library. *Id.* As a result of not going to the law library, Plaintiff says that he was unable "to file the necessary paperwork for [his] power of attorney," causing him to lose his home, cars, boat, furniture, and clothing. *Id.* at 6. Plaintiff seeks monetary damages related to those items.

III.    Plaintiff's Claim

Plaintiff's allegations implicate a potential claim for denial of access to the courts. To state a claim for the denial of right of access to the courts, a plaintiff must allege facts to show that he was denied access to the courts and that the denial of access resulted in an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Moreover, the injury must

---

[1]Plaintiff refers to the prison as Jackson State Prison. The state prison located in Jackson, Georgia, is the Georgia Diagnostic and Classification Prison.

relate to prospective or existing litigation, such as "being prevented from presenting claims" while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 162 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

Plaintiff does not assert any facts to show that he suffered the type of injury required for a denial of access to the courts claim. In particular, Plaintiff does not set forth any allegations showing that the lack of law library access inhibited Plaintiff from pursuing either an attack on his conviction or sentence or a case challenging the conditions of his confinement. Instead, Plaintiff contends that he was unable to complete power-of-attorney paperwork, and that, as a result, he was somehow deprived of various assets. Plaintiff does not explain why he needed to complete power-of-attorney paperwork, nor does he explain how his inability to do so caused him to lose any assets.

Moreover, Plaintiff does not allege any facts showing that Warden Shawn Emmons, the only named defendant, was actually involved in preventing Plaintiff from going to the law library. Thus, Plaintiff's allegations do not state a constitutional claim for denial of access to the courts, and it is therefore **RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

   **SO ORDERED and RECOMMENDED**, this 27th day of March, 2024.


         s/ Charles H. Weigle
         Charles H. Weigle
         United States Magistrate Judge